NEW YORK PAPER BAG MACHINE & MANUF'G CO. *v.* HOLLINGSWORTH & WHITNEY CO.

*(Circuit Court, D. Massachusetts. December 12, 1891.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PAPER-BAG MACHINERY.
    In letters patent No. 337,965, issued March 16, 1886, to Lorenz and Honiss for an improvement in paper-bag machinery, designed to manufacture continuous tucked paper tubing into paper blanks, with diamond-folded ends, the claim for a reciprocating carriage to support the tubing, and, by its forward and backward movement, to co-operate in regulating the working of other parts of the mechanism, is not infringed by a machine in which the same function is performed by a revolving carriage.

2. SAME.
    The claim for pivoted fingers, combined with a coiled spring to distend them, the fingers being designed to enter, while distended, the forward end of the tube, and then move upward and backward through an arc of 180 degrees, carrying the upper fold to a flat table, and completing the diamond-shaped fold, is not infringed by a machine with fingers which, while closed, enter the tube, and then operate merely to lift up the upper fold thereof, while the side folders press in the sides of the tube to the proper shape.

In Equity. Suit by the New York Paper-Bag Machine & Manufacturing Company against the Hollingsworth & Whitney Company for infringement of a patent. Bill dismissed.

*Albert H. Walker* and *Frederick H. Betts,* for complainants.

*Francis T. Chambers* and *George Harding,* for defendants.

NELSON, J. The only question in this case is one of infringement. The plaintiffs claim that a machine used by the defendants in the manufacture of paper bags is an infringement of their patent. The plaintiffs' patent No. 337,965, issued to Lorenz and Honiss, March 16, 1886, is for new and useful improvements in paper-bag machinery. The patented machinery is designed to manufacture continuous tucked paper tubing into paper blanks with diamond-folded ends. The patent covers various combinations of the following parts, namely, a pair of pivoted fingers combined with a coiled spring which operates to hold them apart, a reciprocating carriage, a presser-plate, two side gripers, and one end griper. The patent contains five claims, the first of which is for the combination of the fingers with the coiled spring. The others are for different combinations of the various parts, but all contain as elements either the fingers, or the reciprocating carriage, or both. The only elements in the patent which are new are the fingers and spring, and the reciprocating

carriage. The presser-plate and the side and front gripers were well known in paper-bag machinery long prior to the patent. The machine used by the defendants in the manufacture of continuous tucked paper tubing into paper blanks, with diamond-folded ends, contains a presser-plate and side and front gripers. The plaintiffs claim that it also contains devices which are mechanical equivalents for their fingers and spring, and for the reciprocating table.

*First.* As to the reciprocating carriage. The function of this device in the patent is to support the tubing while being operated upon, and also by its reciprocating or forward and backward movement, to co-operate in regulating the proper working of the various parts of the mechanism. All this in the defendants' machine is done by a revolving carriage. The plaintiffs insist that these two devices are substantially the same, since the result is the same. But the plaintiffs are clearly excluded from this contention by the limitations of their patent. If the patentees intended to claim as part of their invention a revolving as well as reciprocating carriage, they were bound to state it distinctly in their patent. No hint of such an intention is to be found there. On the contrary, the language of the specification limits the invention with scrupulous exactness, to a reciprocating movement of the carriage, and no other meaning can be forced from it. The revolving carriage is clearly not an infringement of the claims of the patent which contain as an element the reciprocating carriage.

*Second.* As to the pivoted fingers combined with the coiled spring. Their operation in the plaintiffs' mechanism is this: As the tucked paper tubing is fed along under the feed-rolls over the surface of the reciprocating table, and as the under-fold of the tube is seized and held down by the side and front gripers, the pivoted fingers, extended by the coiled spring, enter the interior of the tube at its forward end, and are then thrown upward and backward over an arc of 180 degrees, carrying along the upper fold until it is laid flat on the table. This operation completes the diamond-shaped fold. The fingers are then withdrawn, the coiled spring yielding sufficiently to allow this to be done without lacerating the paper. Now, as I understand this complicated mechanism, the fingers of the defendants' mechanism are something quite different. They have no coiled spring corresponding with that of the plaintiffs. When they enter the tube, they are not distended, but closed. They do not throw back the upper fold, nor take any direct part in the shaping process. Their office is merely to raise up the upper fold of the tube preparatory to the action of the side wings or folders, which by turning inward, and pressing upon the sides of the tube, perform their part in giving the desired shape to the fold. This is clearly something wholly different from the operation of the plaintiffs' fingers, which, with the gripers, act directly in giving the shape. The only thing that appears to be common to the two devices is that both enter the interior of the tube at its forward end, and that is no part of the patent. No infringement of the patent is shown by the use of the fingers in the defendants' machine. Bill dismissed, with costs.